**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4665**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DONALD WILKERSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.    John T.
Copenhaver, Jr., District Judge.   (2:09-cr-00017-1)

Submitted:  November 5, 2009        Decided:  November 20, 2009

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Monica L. Dillon, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Wilkerson was indicted on three counts of distribution of a quantity of cocaine and one count of possession with intent to distribute cocaine, occurring on four different days. He entered into a plea agreement in which he agreed to plead guilty to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The Government had the remaining counts dismissed. Wilkerson's total offense level under the advisory Sentencing Guidelines was ten and he was placed in Criminal History Category II. Wilkerson's Guidelines' range of imprisonment was eight to fourteen months. At sentencing, the district court believed an upward variance was warranted because it was the third conviction for Wilkerson involving distribution of cocaine and it appeared to the court that Wilkerson needed to appreciate the seriousness of the offense and the public needed to be protected from his criminal conduct. The court sentenced Wilkerson to twenty-four months' imprisonment. Wilkerson appeals, claiming the sentence is unreasonable. We find the court did not abuse its discretion and affirm.

Appellate courts review a sentence for reasonableness, applying an abuse of discretion standard, whether the sentence is inside or outside the guideline range. Gall v. United States, 552 U.S. 38, 40 (2007). First, the court must "ensure

2

that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Id. at 51; United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Procedural errors also include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. A district court must also provide an "individualized assessment" based upon the specific facts before it. "That is, the sentencing court must apply the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). "Such individualized treatment is necessary 'to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" Id. (quoting Gall, 552 U.S. at 52) (internal quotation marks omitted). In so doing, the district court must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored

3

to the particular case at hand and adequate to permit 'meaningful appellate review.'" Id. at 330 (quoting Gall, 552 U.S. at 50).

Only after determining that no significant procedural error occurred does this court review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 50). When reviewing the substantive reasonableness of an upward variance, the court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "Even if [this court] would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Pauley, 511 F.3d at 474 (quoting Gall, 552 U.S. at 51).

Under 18 U.S.C. § 3553(a) (2006), the district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. The court should impose a sentence that reflects the seriousness of the offense, the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the

4

public from further crimes and to provide the defendant with adequate rehabilitation or medical treatment.

We find the district court provided an adequate individualized assessment of the § 3553 sentencing factors in relation to Wilkerson and his criminal conduct. The court took into consideration Wilkerson's prior criminal conduct as well as his positive attributes. Accordingly, we find the district court did not abuse its discretion.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED